UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| vs. | ] 2:07-CR-448-LSC-HGD |
| GARY LEE WHITE, | ] |
| Defendant. | ] |

Order Accepting and Adopting Report and Recommendation

This court has reviewed the Report and Recommendation of the Honorable Harwell G. Davis, United States Magistrate Judge (Doc. 133) entered the 13th day of September, 2010, pertaining to Defendant's Motion for Appeal Bond (Doc. 125).  Additionally, Defendant filed and the Court has reviewed Defendant's Objections to Magistrate's Report and Recommendation, which consists primarily of two objections.  (Doc. 134).

Defendant's first objection to the magistrate's report is that there is a split in the Circuits concerning the issue of whether cases under § 666 require evidence of a *quid pro quo* and the magistrate's report "failed to recognize that the split in the Circuits presents a substantial question".

(Doc. 134 at 1-2.) However, in *United States v. McNair*, 605 F.3d 1152 (11th Cir. 2010), the Eleventh Circuit clearly addressed this issue holding,

> The requirement of a 'corrupt' intent in § 666 does narrow the conduct that violates § 666 but does not impose a specific *quid pro quo* requirement. . . .  For all of these reasons, we now expressly hold there is no requirement in § 666(a)(1)(B) or (a)(2) that the government allege or prove an intent that a specific payment was solicited, received, or given in exchange for a specific official act, termed a *quid pro quo*.

*McNair*, 605 F.3d at 1188.

Defendant next objects to the finding in the report that he did not meet his burden of demonstrating a substantial question because there was sufficient evidence for the jury to convict him of both bribery and conspiracy.  In reviewing the transcript, among the evidence for the jury to consider was the following:  Defendant received payments that were in cash from Singh, the president and owner of USI; Defendant was never given a Form W-2 or Form 1099; payments from Singh to Defendant did not begin until after Defendant became head of the environmental services department; neither the County Commission nor the environmental services department were aware of these payments; and, Singh testified that the payments were to keep White happy with USI.  Based on the evidence, the

jury could clearly conclude that Defendant violated the law as charged in the indictment.

The Magistrate Judge ultimately found as to all issues raised by Defendant that Defendant "failed to demonstrate that there is a substantial issue of question or fact and, even if he has raised a substantial question, it is not likely to result in the reversal of his conviction for all counts for which a term of imprisonment was imposed."  *See United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985).  *See also* 18 U.S.C. § 3143(b)(1)(B).  (Doc. 133 at 12.)

Based on 18 U.S.C. § 3143(b)(1)(B), this Court agrees that Defendant has not established

> a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Court further agrees that, even if a substantial question had been raised, "it is not likely to result in the reversal of his conviction for all counts for which a term of imprisonment was imposed." *See United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985).

Therefore, after careful consideration of the record in this case and the Magistrate Judge's findings and recommendations, as well as the objections thereto, this Court hereby ADOPTS and ACCEPTS the report and recommendations of the Magistrate Judge, and therefore ORDERS Defendant's Request for Bond Pending Appeal is DENIED.

Done this <u>23rd</u> day of <u>September 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671